UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| **RICHARD SHARIF,** | § | 09-05868 |
| Debtor. | § | |
| | § | Adversary No. |
| **RICHARD SHARIF, WAQAR KHAN,** | § | |
| **SHAFQUT KHAN, ABDUL RASHID** | § | |
| **SHAHEEN RASHID,** | § | 09 A 00385 |
| Plaintiffs, | § | |
| Vs. | § | |
| | § | |
| **WELLNESS INTERNATIONAL** | § | |
| **NETWORK, LTD. a/k/a WIN, et al.,** | § | |
| Defendant. | § | |

**N O T I C E**

TO: Garrett S. Reidy, Via Federal Express, 2305 Sunnyside Ave., Westchester, IL 60154
    Horace Fox, Via Telefax (312)332-5649
    Judson Todhunter, Via Telefax (312)939-5617
   Office of the United States Trustee, Via Telefax (312)886-5785

    PLEASE TAKE NOTICE that on the 11th day of June, 2009, at the hour of 10:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable **JACQUELINE P. COX,** Bankruptcy Judge, in the Courtroom usually assigned to her, No. 619, United States District Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or before any other Bankruptcy Judge who may be sitting in his place and stead and shall then and there present the attached Application, at which time and place you may appear, if you so see fit.

                                       /s/ GINA B. KROL
                                       GINA B. KROL
                                       105 W. Madison St., Suite 1100
                                       Chicago, IL 60602
                                       312/368-0300

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) SS | |
| COUNTY OF COOK | ) | |

    GINA B. KROL, on oath, deposes and states that she served a copy of the foregoing Notice together with a copy of the Application attached hereto on the persons shown above, by either personal service or telecopier service, this 4th day of June, 2009.

                                       /s/ GINA B. KROL

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: § | Chapter 7 | |
| RICHARD SHARIF, § | 09-05868 | |
|     Debtor. § | | |
| § | | |
| RICHARD SHARIF, WAQAR KHAN, § | | |
| SHAFQUT KHAN, ABDUL RASHID § | Adversary No. | |
| SHAHEEN RASHID, § | 09 A 00385 | |
|     Plaintiffs, § | | |
| Vs. § | | |
| § | | |
| WELLNESS INTERNATIONAL § | | |
| NETWORK, LTD. a/k/a WIN, et al., § | | |
|     Defendant. § | | |

### MOTION OF WELLNESS INTERNATIONAL NETWORK, LTD. AND OTHER PLAINTIFFS TO DISMISS, AND ALTERNATIVE MOTON TO REMAND/MOTION TO STRIKE

Wellness International Network, Ltd., WIN Network, Inc., Ralph Oats, and Cathy Oats (collectively referred to as "Movants" or "WIN") file this Motion to Dismiss, and alternatively assert a Motion to Remand/Motion to Strike the "Notices of Removal" filed by Garrett Reidy on behalf of Waqar and Shafqut Khan and Abdul and Shaheen Rashid.

### I.
### STATEMENT OF POSITION

*Simply put, an attempt to "remove" a case from district court to bankruptcy court is an attempt to remove a case from me to me for me to refer to my adjunct for bankruptcy.*[1]

These adversary proceedings are the Khans and Rashids latest effort to thwart WIN's post-judgment collection efforts against them. The "Notices of Removal" were filed in response to WIN's effort to garnish a bank account belonging to the Khans. At any rate, the "Notices of Removal" adversary proceedings are improper, because: (1) the Khans and Rashids have no

---
[1] *Centrust Sav. Bank v. Love*, 131 B.R. 64, 66 (S.D. Tex. 1991) (Hughes, J.).

standing to assert these adversary proceedings in federal bankruptcy court; (2) one cannot remove a case from federal court *to* federal court; (3) one cannot remove a case from one district to another; (4) this proceeding is not "related to" Richard Sharif's bankruptcy proceeding; and (5) the Khans and Rashids have not notified the United States District Court for the Northern District of Texas or the Dallas County State District Court of their "Notices of Removal."

## II.
## BACKGROUND

The two Texas cases the Khans and Rashids are attempting to remove are:

(1) federal civil action number 3:05-cv-1367, *Sharif et al. v. Wellness Int'l Network, Ltd.*, in the United States District Court for the Northern District of Texas, Dallas Division, a case that has been fully litigated and appealed, and is pending only to enforce the judgment and court orders entered therein (the "**Federal Court Action**"); and

(2) a post-judgment writ of garnishment filed against JP Morgan Chase, N.A. in Dallas County State District Court, to collect money held in the bank accounts by the Khans (the "**Texas State Court Writ of Garnishment Action**").

This case has a long, tortured history, primarily due to years of obfuscation by the Khans and Rashids. Movants will attempt to briefly summarize the history of this ltigation.

After unsuccessfully attempting to sustain a lawsuit in Illinois in violation of the venue clauses in their contractual agreements since 2002, Waqar and Shafqut Khan, Abdul and Shaheen Rashid, and Richard Sharif filed a complaint on July 8, 2005, in the United States District Court for the Northern District of Texas against Wellness International Network, Ltd., WIN Network Inc., Ralph Oats, Cathy Oats, and Sheri Matthews, asserting fraud, RICO, and other claims in an attempt to avoid their contractual obligations with Wellness International Network, and seeking damages of almost $1 million.

The Khans, Rashid, and Sharif did not conduct any discovery in the underlying district court action, and refused to cooperate with WIN's efforts at obtaining discovery. The Khans,

Rashids, and Sharif never served their initial disclosures, and had admissions deemed against them, among other things.

WIN moved for summary judgment on, *inter alia*, the following grounds: (a) that the admissions conclusively negated each and every claim asserted by plaintiffs; and (b) that plaintiffs failed to introduce a scintilla of evidence on any claim. The district court granted summary judgment on these two grounds. Sharif and the other plaintiffs appealed this judgment to the Fifth Circuit in 2007. Briefing was completed, and the Fifth Circuit affirmed all of the district court's rulings in a very curt opinion:

> A review of the record on appeal demonstrates that Appellants' untimely performance in this court mirrors a lengthy history in the district court of dilatoriness and hollow posturing interspersed with periods of nonperformance or insubstantial performance and compliance by Appellants and their counsel, leaving the unmistakable impression that they have no purpose other than to prolong this contumacious litigation for purposes of harassment or delay, or both. The time is long overdue to terminate Appellants' feckless litigation at the obvious cost of time and money to the Defendants by affirming all rulings of the district court but remanding the case to that court for the reinstatement of its consideration of Appellees' motion for attorney's fees. In so doing, we caution Appellants that any further efforts to prolong or continue proceedings in this court, including the filing of petitions for rehearing, will potentially expose them to the full panoply of penalties, sanctions, damages, and double costs pursuant to FRAP 38 at our disposal.[2]

A complete copy of the Fifth Circuit's decision is attached as **Exhibit 1**.[3] In accordance with the instruction from the Fifth Circuit, the district court awarded WIN over $650,000 in attorney fees (the "Judgment"). The Khans, Rashids and Sharif are jointly and severally liable for the Judgment. The Khans, Rashids, and Sharif appealed the district court's award of attorney fees, but dropped the appeal before briefing began.

---

[2] *Sharif v. Wellness Int'l Network, Ltd.*, No. 07-10834, 2008 U.S. App. LEXIS 7483, at *2, ___ Fed. Appx. ___ (5th Cir. April 8, 2008) (not for publication).

[3] The Khans, Rashids, and Sharif also filed a petition of writ of certiorari to the Supreme Court of the United States, which was summarily denied.

WIN began collection efforts in late summer/early fall of 2008, and served post-judgment discovery on the Khans, Rashids, and Sharif. The Khans and the others refused to respond to discovery, and refused to attend court-ordered depositions. Numerous contempt proceedings ensued. The Rashids fled to Pakistan. The Khans and Richard Sharif were arrested for contempt of court, and were released on their own recognizance and a promise to fully comply with the multitude of court orders directing them to fully respond to post-judgment discovery. The Khans and Sharif failed to live up to this promise.

On February 10, 2009, the Honorable Jane Boyle held a civil contempt hearing in Dallas, Texas, to which the Khans and Richard Sharif showed up in person. A true and correct copy of the transcript of the contempt hearing is attached as **Exhibit 2**. The District Court proceeded to warn the Khans and Sharif that they need to pay heed to court orders from federal judges, or else dire consequences would follow:

> Because of the history of it, because of the -- as Mr. Hail just described it - the tortuous proceedings for both the Court and the defense in trying to get this to proceed along in any even close to normal lines of what should be lawful in a civil case, I want to make sure that Mr. Sharif and the Khans understand how serious this is.
>
> The last thing any court wants to do is put someone in custody, take your liberty from you, because of a civil violation. But it is very clear to me that this money is owed, and it's not being paid. And every effort is being made to avoid the lawful process.
>
> So if the judgment isn't paid as soon as possible, I mean today, tomorrow, we're going to continue along these lines. And there will be custody, again arrest warrants from this Court issued that will again -- if there's lack of compliance, I will consider that in contempt and you all will end up back in custody.
>
> I wanted to get your attention the first time around. I think I have. And now I want to make sure you understand this will happen again if this isn't paid.
>
> I do not have any information from you, Mr. Sharif, or the Khans, that you can't pay this. That's the problem. You have refused to comply with the proper order of discovery.

The District Court then bluntly asked Sharif and the Khans why they were ignoring court orders and not satisfying the judgment. Sharif's response:

> Your Honor, I do not have the money. But when the judge find out that I have to pay, I will comply. That's number one.
>
> …
>
> Your Honor, and as soon as possible, we will have 100 percent of all the discovery. Just give me a little time, as much as a week or two weeks, and the other counselor will have 100 percent of everything you want.
>
> …
>
> THE COURT: So tell me what I have just said to you. I want to hear what you think is going on here.
>
> MR. SHARIF: I've got to produce 100 percent of all the discovery within the time that Your Honor will indicate, no ifs or buts. And that what is going to happen, Your Honor.

The District Court then proceeded to instruct the Khans that they needed to comply with court orders and to satisfy the judgment:

> But I say once again, before we adjourn, to Mr. Sharif and to the Khans that it is within your power and authority to get this resolved by paying the money and by cooperating with discovery.
>
> But you are now being warned by the district court supervising this case that if you don't do that, that I will order further sanctions which, as you know, can include something as severe as a bench warrant or arrest warrant, which I don't want to do. It is the last thing a district court wants to do.
>
> Dr. Khan?
>
> MR. KHAN: We don't have the money. How will we come up with the money?
>
> THE COURT: This is what I have been trying to emphasize to you, and I
>
> …
>
> MR. KHAN: We have a house, and I have a job. That's all I have.

> THE COURT: You have to respond to the discovery. You have to let them know in writing with every last detail, with no objections, everything about your financial status that they are asking you. Do you understand that's been the problem up until now?
>
> MR. KHAN: We have been doing that. I don't know. That's why we were not happy with that attorney.
>
> THE COURT: Now you know that it hasn't been done, and it's completely your responsibility, Mr. Sharif and Dr. and Mrs. Khan, to comply with this regardless of whether or not you have counsel representing you. You brought this case, and now you have to bear the consequences. So you have to answer the questions. You have to comply with the orders. Be in recess.

The District Court granted the motion for civil contempt and ordered the Khans and Sharif to comply with all prior orders and post-judgment discovery, and to pay the Movants $1,500 in attorney fees for the contempt hearing. Instead of complying as promised, Richard Sharif filed for Chapter 7 bankruptcy. The Khans also refused to comply with court orders, and have taken no action to comply since Sharif filed for personal bankruptcy.

## III.
## THE WRIT OF GARNISHMENT

On April 14, 2009, WIN filed a writ of garnishment against J.P. Morgan Chase, N.A. ("Chase"), to attach funds held in bank accounts owned by the Khans. The Khans represented to WIN's counsel that they did not have any money whatsoever to timely pay costs and fees ordered by the United States District Court for the Northern District of Texas in post-judgment contempt proceedings. That representation turned out to be a lie. Chase has indicated that the Khans have over $5,000 in the garnished bank account.

## IV.
## THE "NOTICE OF REMOVAL"

Undaunted by the federal district court's admonitions to pay the judgment and attorneys' fees, the Khans instructed their attorney to delay the writ of garnishment by filing a "notice of

removal" in the Writ of Garnishment Proceeding and the concluded lawsuit in the Northern District of Texas, civil action number 3:05-cv-1367, and added the heretofore-absent-from-the-country Rashids as "Petitioners." The Khans cite 28 U.S.C. § 1452 and FED. R. BANKR. P. 9027 as authority to yank cases from all over the country and dump them into Richard Sharif's personal bankruptcy proceeding in Chicago.

## V.
## MOTION TO DISMISS UNDER RULE 7012

Under The Khans and Rashids lack standing to commence adversary proceedings in bankruptcy court. Advsersary proceedings may only be commenced for one of the ten purposes outlined in FED. R. BANKR. P. 7001. *See* FED. R. BANKR. P. 7001. The Khans and Rashids are not creditors of Richard Sharif. The Texas State Court Writ of Garnishment Action is an action against the Khans only, and seeks to garnish the Khans' bank accounts. The Khans and Rashids are not a party to the Texas State Court Writ of Garnishment Action, and have not made any appearance in that action. The Texas Federal Court Action is already litigated, and is pending to enforce the judgment entered in it, and to enforce the numerous civil contempt orders issued against the Khans. Motions for civil contempt were also filed against the Rashids, but they fled the country and could not be served with notice of the contempt hearings. At any rate, neither the Texas State Court Writ of Garnishment Action nor Texas Federal Court Action is a matter outlined under FED. R. BANKR. P. 7001,[4] and neither adversary proceeding was commenced by the debtor, the trustee, or any creditor. It is not appropriate to use bankruptcy court as forum for litigating (or relitigating) non-bankruptcy actions.

## VI.
## A PARTY CANNOT "REMOVE" A CASE FROM FEDERAL DISTRICT COURT.

---

[4] These actions are especially not proceedings "to determine a claim or cause of action removed under 28 U.S.C. § 1452," for the reasons stated in Sections VI-IX *infra*.

Section 1452, also known as the bankruptcy removal statute, allows a party to remove a case from state to federal court when the federal district court has original jurisdiction. The statute uses the word "federal" to allow removal from courts of the United States other than United States District Court, like the local courts of the District of Columbia or territorial courts of Guam.[5] Section 1452 is part of *Chapter 89: Removal of Cases from State Courts.* By its very terms, the statutes within the chapter do not provide for removal from federal district courts.[6]

Five bankruptcy courts and two district courts have held that there is no authority to support removal from a federal district court to a bankruptcy court.[7] Two bankruptcy courts, including the Northern District of Illinois Bankruptcy Court, rejected the contention that section 1452(a) embraces bankruptcy courts. Any other reading of the statute would create a gap in the district court's complete referral power over bankruptcy matters, and undermine 28 U.S.C. § 157, which gives district courts the power to withdraw cases from bankruptcy courts.[8] "Removal" would also undermine a federal district court's power of appellate review over all final judgments, orders, and decrees of a bankruptcy court under 28 U.S.C. § 158(a)(1). Any "Notice of Removal" filed in a federal district court is deemed to be without effect.[9]

---

[5] *Centrust Sav. Bank*, 131 B.R. at 66 (citing *Agana Bay Dev. Co. v. Supreme Court of Guam*, 422 F. Supp. 593 (D. Guam 1974).

[6] *Id.* (citing *Helena Chem. Co. v. Manley*, 47 B.R. 72, 75 (Bankr. N.D. Miss. 1985).

[7] *Id.*; *Doyle v. Mellon Bank, N.A.*, 307 B.R. 462, 465 (E.D. Pa. 2004); *Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc.*, 101 B.R. 16, 19 (Bankr. N.D. Ill. 1989); *In re Interpictures, Inc.*, 86 B.R. 24, 28-29 (Bankr. E.D.N.Y. 1988); *In re Mitchell*, 206 B.R. 204, 210-11 (Bankr. C.D. Cal. 1997); *Sharp Elec. Corp. v. Deutsche Fin. Svcs. Corp.*, 222 B.R. 259, 263 (Bankr. D. Md. 1998); *In re Cornell & Co.*, 203 B.R. 585, 586 (Bankr. E.D. Pa. 1997). *Cf. In re Coastal Plains*, 338 B.R. 703, 711 (N.D. Tex. 2006) (Boyle, J.) ("[R]emoving a case to a bankruptcy court is the functional equivalent of removing it to the federal district court under § 1452(a).").

[8] *Cornell*, 203 B.R. at 586.

[9] *Doyle*, 307 B.R. at 465.

# VII.
## A PARTY CANNOT REMOVE LITIGATION OUT OF TEXAS AND INTO CHICAGO.

Section 1452(a) allows a party to remove a state court action related to a bankruptcy proceeding "to the district court *for the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action" under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a) (emphasis added). The federal court action is pending in the Northern District of Texas. The Writ of Garnishment action is pending in Dallas County state district court. As such, removal to the Northern District of Illinois is improper.

The Khans and Rashids cite *Stamm v. Rapco Foam Inc.* as authority for removing litigation from one district to another. *Stamm*, a 1982 case, involved a debtor attempting to remove an action from the United States District Court for the Western District of Pennsylvania to the United States Bankruptcy Court for the Western District of Pennsylvania under 28 U.S.C. § 1478(a), the old bankruptcy removal statute under the Bankruptcy Reform Act of 1978. The *Stamm* court noted, contrary to the Khans' and Rashids' assertion, that "removal may only be to the bankruptcy court for the district in which the civil action is pending."[10] *Stamm* does not address "removal" from one district to another. The Supreme Court of the United States held in 1982 that the Bankruptcy Reform Act of 1978 was unconstitutional.[11] In response, Congress amended the removal statute, which now appears at section 1452(a). *Stamm* accordingly does not justify the Khans' and Rashids' attempt to thwart collection efforts against them.

# VIII.
## THE FEDERAL COURT ACTION AND THE WRIT OF GARNISHMENT ACTION ARE NOT "RELATED TO" RICHARD SHARIF'S BANKRUPTCY PROCEEDING.

---

[10]   *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 724 (Bankr. W.D. Pa.).

[11]   *See Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).

The Khans' broad and all-encompassing definition of "related to" does not comport with the Seventh Circuit's interpretation of that term. The Seventh Circuit held that a dispute is "related to" a bankruptcy when it affects the amount of property available for distributions or the allocation of property among creditors.[12] The allocation of property among creditors would be affected only if the application of secured property to the debt of one creditor would result in larger shares of the estate being distributed to other creditors involved.[13]

The Texas Federal Court Action has been completely litigated, and is pending only to enforce the judgment of the District Court. Post-judgment collection against Richard Sharif is stayed. The Texas State Court Writ of Garnishment Action only seeks to garnish the Khans' bank accounts. The Khans' have not filed bankruptcy and their assets are not a part of Richard Sharif's bankruptcy estate. Neither action affects the amount of property in Richard Sharif's bankruptcy estate available for distribution to creditors, nor does either action affect any other creditor. The Khans may claim a right of contribution against Richard Sharif on WIN's judgment, but a right of contribution does not create any effect on a bankruptcy estate nor on any other creditor.[14]

## IX.
## THE KHANS AND RASHIDS HAVE NOT NOTIFIED THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS AND THE DALLAS COUNTY STATE COURT OF THEIR "REMOVALS."

Under the federal removal statute, a party must file a copy of the removal notice and attachments in the state court where the action is pending.[15] A removal is not effective until the

---

[12] *Matter of Xonics, Inc.*, 813 F.2d 127, 131-32 (7th Cir. 1987); *In re Peterson*, 104 B.R. 94, 96-97 (Bankr. E.D. Wisc. 1989).

[13] *Peterson*, 104 B.R. at 97.

[14] *Id.*

[15] 28 U.S.C. § 1446(d).

party notifies the state court from which the case is being removed of the actual act of removal.[16] The purpose of this rule is to notify the state court that it no longer has jurisdiction to proceed further on the case.[17]

The Khans and Rashids have not filed any removal papers with the United States District Court for the Northern District of Texas or the State District Court in Dallas, Texas. Attached as Exhibit 3 is a true and correct copy of the docket sheet in the Federal Court Action and attached as Exhibit 4 is a true and correct copy of the electronic docket sheet for the State Court Writ of Garnishment Action. Neither docket indicates a "Notice of Removal" was filed with either court.

## X.
## PRAYER

For the reasons stated above, WIN prays that the Court dismiss, strike, and/or "remand" the Khans' and Rashids' "Notice of Removal," and grant WIN any other relief to which they are entitled.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | WELLNESS INTERNATIONAL NETWORK, LTD., |
| GINA B. KROL | a/k/a WIN, et al., |
| COHEN & KROL |  |
| 105 W. Madison Street | By:  /s/ Gina B. Krol |
| Chicago, IL  60602 | One of Its Attorneys |
| 312/368-0300 |  |

MICHAEL J. LANG
Gruber | Hurst | Johansen | Hail
2500 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202  214-855-6800

---

[16] *Jeffery v. Cross Country Bank*, 131 F. Supp. 2d 1067, 1069 (E.D. Wis. 2001); *Hampton v. Union Pac. R.R. Co.*, 81 F. Supp. 2d 703, 706-07 (E.D. Tex. 1999); *McGoldrick v. ICS Sales & Leasing, Inc.*, 412 F. Supp. 268, 269 (E.D.N.Y. 1976).

[17] *In re Marriage of Pardee*, 408 F. Supp. 666, 667 (C.D. Cal. 1976).